**UNITED STATES of America,**
**Appellee,**

v.

Miguel FELIZ, Jose Cortina Perezo, aka "Jochi", Michael Mungin, aka "Mike", aka "Robert Robinson", Robert Brown, aka "Crazy Rob", aka "Raj", Stanley Davis, aka "Kirk", Defendants,

Jose Erbo, aka "Pinguita", aka "Tito", aka "Miguel Garcia", Defendant–Appellant.

Docket No. 02–1665–cr.

United States Court of Appeals, Second Circuit.

Oct. 25, 2006.

Richard D. Willstatter, Green & Willstatter, White Plains, NY, for Defendant–Appellant.

Helen V. Cantwell, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Karl Metzner, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

PRESENT: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, Hon. DAVID G. TRAGER, District Judge.*

SUMMARY ORDER

Jose Erbo appeals from a judgment entered on October 31, 2002, following a jury trial in the United States District Court for the Southern District of New York (Baer, *J.*). The jury convicted Erbo of the following: one count of racketeering, in violation of 18 U.S.C. § 1962(c); one count of conspiracy to violate racketeering laws, in violation of 18 U.S.C. § 1962(d); three counts of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5); three counts of murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2; three counts of using and carrying a firearm in connection with a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2; and one count of conspiracy to distribute and possess with the intent to distribute powder cocaine and crack, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. The District Court sentenced Erbo principally to six consecutive terms of life imprisonment, to be followed by a mandatory and consecutive 45–year term of imprisonment.

On appeal, Erbo argues, *inter alia,* that (1) the District Court violated his Sixth Amendment right to confrontation by admitting into evidence the plea allocutions of several of his co-conspirators and the autopsy reports of his victims; (2) under the terms of Erbo's extradition from the Dominican Republic to the United States, his sentence is limited to thirty years' imprisonment; (3) the jury instruction on accomplice testimony was insufficient; (4) the District Court erred by permitting the Government to question Miguel Feliz about uncharged homicides and then limiting Erbo's cross-examination of Feliz; and (5) Erbo's sentence should be recalculated in light of the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This summary order does not address Erbo's Sixth Amendment challenge to the admission of the autopsy reports, which is treated in a separate, concurrently issued opinion. As to the issues addressed in this

---

* The Honorable David G. Trager, of the United States District Court for the Eastern District of New York, sitting by designation.

summary order, familiarity with the facts and the proceedings below is assumed. We affirm.

■ The Government concedes that the admission of the co-conspirator's guilty plea was error in light of the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), but maintains the error was harmless. We agree. The District Court instructed the jury that it could consider the plea allocutions only as evidence that the charged conspiracies existed, and as evidence of what the declarants did in furtherance of the conspiracies. We presume that the jury followed this instruction. *E.g., United States v. McClain*, 377 F.3d 219, 223 (2d Cir.2004). With respect to the existence of the conspiracies, the plea allocutions were cumulative. Other evidence amply established that the conspiracies existed, including the testimony of law enforcement agents and a number of Erbo's criminal associates. We find that the error was harmless beyond a reasonable doubt given the overwhelming evidence of Erbo's guilt. *See id.* at 222–23.

Erbo's claim that the terms of his extradition from the Dominican Republic limit his sentence to thirty years' imprisonment is similarly unavailing. In support, Erbo relies on the "principle of speciality" under which " 'an extradited defendant may not be tried for a crime not enumerated in the applicable extradition treaty.' " *United States. v. Baez*, 349 F.3d 90, 92 (2d Cir. 2003) (quoting *United States v. Campbell*, 300 F.3d 202, 208–09 (2d Cir.2002)). "Based on international comity, the principle of speciality generally requires a country seeking extradition to adhere to any limitations placed on prosecution by the surrendering country." *Id.* When imposing sentence on an extradited defendant, "[c]ourts should accord deferential consideration to the limitations imposed by an extraditing nation in an effort to protect

United States citizens in prosecutions abroad." *Id.* at 93. Moreover, when determining the precise limitations set by the extraditing nation, "courts should not elevate legalistic formalism over substance" because "[t]o do otherwise would strip comity of its meaning." *Id.* Nevertheless, "the extradited individual can only raise those objections to the extradition process that the surrendering country might consider a breach of the extradition treaty." *Id.* at 92 (quotation marks, alterations, and citation omitted).

In compliance with a request from the United States, the Dominican Republic ordered Erbo extradited in an Executive Order, which, as translated, states in pertinent part:

Pursuant to Article 4 of Law No. 489, dated October 22, 1969, on Extradition, modified by Law No. 278–98, dated July 29, 1998, the Executive Branch is legally qualified to grant the extradition of a Dominican citizen in those cases where there is in existence an Extradition Agreement between the petitioning Government and the Dominican Government that, furthermore, establishes the principle of reciprocity.

Erbo points out, and the Government concedes, that Article 4 of Law No. 489, dated October 22, 1969, as amended by Law No. 278–98, dated July 29, 1998, ("Law No. 278–98") provides that "[i]n extradition treaties signed by the Dominican State with other States, when the extradition with a national is granted, no penalty greater than the maximum established in this country, which at the moment this law enters into force is thirty years, shall be imposed."

■ Though it speaks of extradition, this statute cannot bind the United States. "[N]o nation may unilaterally bind another by sheer force of its statutory enactments...." *United States v. Banks*, 464 F.3d 184, 192 (2d Cir.2006) (quoting *Rosa-*

*do v. Civiletti,* 621 F.2d 1179, 1192 (2d Cir.1980)). In addition, the context makes plain that the Executive Order only recites Law No. 278–98 to establish authority for the Executive Branch of the Dominican government to extradite a Dominican citizen. The Order says nothing to establish any limitation on Erbo's sentence, nor does Erbo cite any evidence the Dominican government otherwise conditioned Erbo's extradition on the potential length of his sentence. *See Banks,* 464 F.3d at 191–192; *cf. Baez,* 349 F.3d at 92–93; *Campbell,* 300 F.3d at 209–12. In contrast, the Executive Order goes on explicitly to condition Erbo's extradition on the understanding he will not be exposed to capital punishment. The District Court did not offend the principle of speciality in sentencing Erbo to terms of life imprisonment, nor was Erbo prejudiced by his trial counsel's failure to object on this ground.

Erbo further challenges the District Court's instruction to the jury on accomplice testimony. Specifically, Erbo claims the District Court erred by failing to instruct the jury "that accomplice testimony must be scrutinized and viewed with particular care and caution in deciding whether or not such testimony is credible." We review the propriety of a jury instruction de novo. *United States v. Abelis,* 146 F.3d 73, 82 (2d Cir.1998). "An appellant bears the burden of showing that the requested instruction accurately represented the law in every respect and that, viewing as a whole the charge actually given, he was prejudiced." *Id.* (quotation marks and citations omitted). We need not decide whether Erbo's requested instruction accurately represented the law because, viewing the charge as a whole, we conclude that Erbo has failed to show that he was prejudiced in any way.

Erbo claims that the District Court improperly permitted the Government to deviate from the court's pretrial ruling and question Miguel Feliz about uncharged homicides, and then it further erred by limiting Erbo's cross-examination of Feliz. Having considered Erbo's arguments, we conclude that the District Court did not abuse its discretion in any evidentiary ruling related to Feliz's testimony.

Finally, Erbo is not entitled to be resentenced in light of *Booker.* He was convicted of multiple counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1), which mandates either life imprisonment or the death penalty. Any error arising from the mandatory application of the United States Sentencing Guidelines was therefore harmless.

We have considered Erbo's remaining arguments and find each of them to be without merit. For the reasons stated in this summary order and in our concurrently issued opinion, the judgment of the District Court is **AFFIRMED.**